**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MICHAEL W. ERVIN,<br>　　　　　Appellant, | DOCKET NUMBER<br>SF-0752-17-0722-X-1 |
| 　　　v. | |
| UNITED STATES POSTAL SERVICE,<br>　　　　　Agency. | DATE: September 28, 2022 |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Mary DiGioia</u>, Bellflower, California, for the appellant.

<u>Catherine V. Meek</u>, Esquire, Long Beach, California, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**ORDER TO SHOW CAUSE**

¶1　　On September 25, 2017, the appellant appealed his removal from the position of Manager, Customer Service, to the Board. *Ervin v. United States Postal Service*, MSPB Docket No. SF-0752-17-0722-I-1, Initial Appeal File (IAF), Tab 1. On December 3, 2018, the administrative judge issued an initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision mitigating the appellant's removal to a demotion to the position of Supervisor, Customer Service.  IAF, Tab 30, Initial Decision (ID) at 14.  The administrative judge ordered the agency to cancel the appellant's removal and substitute in its place a demotion to the position of Supervisor, Customer Service; and to pay the appellant the appropriate amount of back pay, with interest, as well as to adjust the appellant's benefits with appropriate credits and deductions.  ID at 14-15.  That initial decision became the final decision of the Board on January 7, 2019, after neither party petitioned the full Board for review.  ID at 16-17.

¶2        On March 18, 2019, the appellant filed a petition for enforcement of the Board's order, alleging that the agency had not yet returned him to work.  *Ervin v. United States Postal Service*, MSPB Docket No. SF-0752-17-0722-C-1, Compliance File (CF), Tab 1 at 3.  On May 10, 2019, the administrative judge issued a compliance initial decision granting the petition for enforcement because the agency failed to demonstrate that it cancelled the appellant's removal; placed him in a Supervisor position; or paid him back pay, interest, and benefits.  CF, Tab 5, Compliance Initial Decision at 4.  The administrative judge again ordered the agency to:  (1) cancel the removal and substitute in its place a demotion to the position of Supervisor, Customer Service; (2) pay the appellant the correct amount of back pay, interest, and benefits; and (3) inform the Board in writing of all actions taken to comply with the Board's order and the date on which it believes it has fully complied.

¶3        On July 9, 2019, the agency filed a statement of compliance pursuant to 5 C.F.R. §§ 1201.183(a) and 1201.183(a)(6)(ii).  *Ervin v. United States Postal Service*, MSPB Docket No. SF-0752-17-0722-X-1, Compliance Referral File (CRF), Tab 3. The agency stated in its response that it believed there was no need to cancel the appellant's removal because the removal was never actually effectuated due to the appellant's resignation.  CRF, Tab 3 at 4.  The agency further stated that it reactivated the appellant's employment and placed him into a

position as Supervisor, Customer Service, at the Pico Rivera Post Office, where he reported for the first time on June 24, 2019. *Id.* The agency finally stated that, for the agency to be able to complete the back pay requirement, the appellant needed to complete the agency's back pay forms addressing outside employment and other sources of income. *Id.* at 5.

¶4 On July 22, 2019, the appellant responded to the agency's proof of compliance. CRF, Tab 4. The appellant asserted that his new assignment was farther from his home than his original position, despite similar vacant positions existing in his original facility. *Id.* at 11. The appellant further stated that he submitted the requisite back pay forms to the agency on July 1, 2019. *Id.*

¶5 On June 19, 2020, the Clerk of the Board issued an order stating that further evidence from the agency was required before the Board could make a determination on compliance. CRF, Tab 5 at 2-3. The Clerk of the Board noted that, as of the date of the order, the agency had not yet submitted any evidence demonstrating that all back pay funds have been paid to the appellant, provided any explanation as to how it chose the appellant's new position, or stated whether it cancelled the Standard Form (SF) 50 reflecting the appellant's retirement. *Id.* The Clerk of the Board directed the agency to inform the Board whether all back pay funds had been paid to the appellant, and if the agency claimed that the back pay funds had been paid, the agency's submission was required to include full details of the back pay calculations and a narrative summary of the payments. *Id.* The Clerk of the Board further directed the agency to state whether it had cancelled the petitioner's retirement SF-50, and also inform the Board regarding how it chose the appellant's new position, including the location, and explain why the appellant was not returned to his original work location. *Id.*

¶6 On April 23, 2021, the Clerk of the Board issued another order due to the agency's failure to respond to the June 19, 2020 Order. CRF, Tab 6. The April 23 Order repeated the June 19, 2020 directive to the agency, and also warned the agency that failure to submit the required information may lead to the

issuance of sanctions against the responsible agency official pursuant to 5 U.S.C. § 1204(e)(2)(A) and 5 C.F.R. § 1201.183(c). *Id.* at 2.

¶7  Because the agency has still not filed any response to the June 19, 2020 and April 23, 2021 Orders, the Board hereby ORDERS the agency to submit evidence that it has fully complied with the Board's December 3, 2018 Order. This evidence must include, but is not limited to, the information requested in the June 19, 2020 and April 23, 2021 Orders. Additionally, the Board also ORDERS Cynthia Garcia, the agency management official identified as responsible for ensuring the agency's compliance, to SHOW CAUSE why the Board should not impose sanctions for the agency's noncompliance in this case, including an order that Ms. Garcia not receive salary for the period during which the agency remains in noncompliance.[2] The agency and Ms. Garcia shall submit their responses within 30 days of the date of this Order.

¶8  Within 21 days of the agency's submissions, the appellant shall file a response. Failure to do so may cause the Board to assume he is satisfied and dismiss the petition for enforcement.

FOR THE BOARD:      /s/ for

             Jennifer Everling
             Acting Clerk of the Board

Washington, D.C.

---

[2] Because the agency did not provide proper contact information for Ms. Garcia, the agency is hereby ORDERED to serve a copy of this Order upon Ms. Garcia. In the event that Ms. Garcia is no longer employed by the agency, the agency is hereby ORDERED to identify the agency official that has replaced Ms. Garcia as ensuring agency compliance in this matter, and serve a copy of this Order on that replacement official. Further, the identified replacement must fulfill all obligations of Ms. Garcia under this Order.